[Crim. No. 237.  First Appellate District.—June 23, 1910.]

THE PEOPLE, Respondent, v. VICTOR HECK, Appellant.

CRIMINAL LAW—FAILURE OF APPELLANT TO FILE BRIEF—REVIEW UPON APPEAL.—Where the appellant from a judgment of conviction of the crime of passing a fictitious check, and from the order denying his motion for a new trial, has failed to file any brief within the time limited therefor, or within an extension of time agreed to upon suggestion of the attorney general, and the case is submitted for the decision of this court, the appellate court does not feel called upon to search the record for error which possibly might justify a reversal of either the judgment or the order, and they will be affirmed.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.  Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

James J. Von Hovenberg, for Appellant.

U. S. Webb, Attorney General, for Respondent.

THE COURT.—The defendant was charged with the crime of passing a fictitious check.  Upon the trial he was convicted, and this is his appeal from the judgment of conviction and from the order denying his motion for a new trial.

The case was upon the calendar for oral argument May 9, 1910, at which time no one appeared for the defendant, but upon the suggestion of the attorney general that it had been

agreed between the attorney general and the counsel for the defendant that the defendant might have fifteen days in which to file a brief, such time was given. He did not file any brief within the time allowed, nor has any extension of time been asked or granted. The case was therefore submitted for the decision of this court.

As we have not been apprised, either by an oral argument or by any brief, of the grounds upon which appellant claims that either the judgment or order should be reversed, we do not feel called upon to search the record for error which possibly might justify a reversal of either the judgment or the order.

The judgment and order are therefore affirmed.